# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE

| | |
|---|---|
| N.S., A Minor Student, By and Through His Parent, J.S., and<br><br>S.T., By and Through His Parents, M.T. AND M.T.;<br><br>    Plaintiffs,<br><br>v.<br><br>TENNESSEE DEPT. OF EDUCATION, and<br><br>KNOX COUNTY BOARD OF EDUCATION, and KNOX COUNTY,<br><br>    Defendants. | NO. 3:16-cv-0610<br>JUDGE TRAUGER |

## ANSWER OF DEFENDANTS KNOX COUNTY BOARD OF EDUCATION AND KNOX COUNTY, TENNESSEE TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Come now Defendants Knox County Board of Education and Knox County, Tennessee (collectively referred to as "KCS"), by and through counsel, and answers Plaintiffs' First Amended Complaint [Doc. 41] as follows:

  1.  The allegations of the Paragraph 1 are admitted.

  2.  The allegations of the Paragraph 2 are admitted.

  3.  Paragraph 3 does not require an answer from KCS.

  4.  Paragraph 4 does not appear to require an answer from KCS. To the extent that Paragraph 4 implies the improper use of restraints and isolations by KCBE for any of its students, such allegations are denied.

  5.  Paragraph 5 does not require an answer from KCS.

  6.  Paragraph 6 does not require an answer from KCS.

7. The allegations of Paragraph 7 are admitted. It is admitted that KCS receives federal funds for the education programs. The Individuals with Disabilities Education Act ("IDEA"), Section 504 and the Americans with Disabilities Act ("ADA") speak for themselves. KCS affirmatively states it complies with the IDEA, Section 504 and the ADA.

8. It is admitted that Plaintiffs allege claims under the IDEA, the Tennessee Special Education Behavioral Supports Act, Section 504, and ADA. It is denied that there are any systemic issues within KCS regarding those statutes. All other implied allegations are denied.

9. The allegations of the Paragraph 9 are admitted.

10. Paragraph 10 does not appear to require an answer from KCS. To the extent that Paragraph 10 requires an answer, it is denied that administrative exhaustion was not required prior to Plaintiffs filing this action.

11. The implied allegations of Paragraph 11 are denied. KCS specifically denies that Plaintiffs were subject to improper or unnecessary restraints or isolations. KCS affirmatively states it complies with the IDEA, the Tennessee Special Education Behavioral Supports Act, Section 504 and the ADA.

12. KCS would state that the ADA and other statutes or regulations speak for themselves. Any implication that KCBE has failed to comply with such statutes or regulations is denied. KCS denies a hostile education environment.

13. KCS would state that Section 504 and other statutes or regulations speak for themselves. Any implication that KCBE has failed to comply with such statutes or regulations is denied. KCS denies a hostile education environment.

14. KCS would state that the Tennessee Special Education Behavioral Support Act and the IDEA speak for themselves. KCS denies any implication that IDEA

is expended by the Tennessee Act. Any implication that KCBE has failed to comply with such statutes or regulations is denied.

15. The allegations of Paragraph 15 are admitted. All other allegations of Paragraph 15 are denied.

16. The allegations of Paragraph 16 are denied.

17. The allegations of Paragraph 17 are denied.

18. The allegations of Paragraph 18 are denied.

19. It is admitted that Plaintiff N.S. was placed in a homebound educational setting. It is also admitted that Plaintiff N.S. transferred schools within KCS. All other allegations of Paragraph 19 are denied.

20. It is admitted Plaintiff N.S. has been withdrawn from KCS. All other allegations of Paragraph 20 are denied.

21. Defendants admit that S.T. is a child with an educational disability, has qualities for special education under IDEA, has an IEP, and a disability under 504 and the ADA.

22. The allegations of Paragraph 22 are denied.

23. The allegations of Paragraph 23 are denied.

24. The Defendants are without sufficient knowledge or information to either admit or deny the allegations of Paragraph 24.

25. It is admitted that Plaintiff S.T. transferred schools within KCS. All other allegations of Paragraph 25 are denied.

26. It is admitted that Plaintiff S.T. was transferred to the Knox County Adaptive Education Center. It is denied that S.T. experienced unnecessary or improper isolations or restraints at any KCS school.

27. It is admitted that Plaintiff S.T. now attends Amherst Elementary. Any implication that S.T. experienced unnecessary or improper isolations or restraints at any KCS school is denied.

28. Paragraph 28 does not appear to require an answer from KCS. To the extent that Paragraph 28 implies that KCS actions of violated the rights of Plaintiffs or caused injuries to Plaintiffs, such implications are denied.

29. KCS would state that the cited statutes or regulations speak for themselves. Any implication that KCS has failed to comply with the cited statutes or regulations is denied.

30. KCS would state that the cited statutes or regulations speak for themselves. Any implication that KCS has failed to comply with the cited statutes or regulations is denied.

31. KCS would state that the cited statutes or regulations speak for themselves. Any implication that KCS has failed to comply with the cited statutes or regulations is denied.

32. KCS would state that the cited statutes or regulations speak for themselves. Any implication that KCS has failed to comply with the cited statutes or regulations is denied.

33. KCS would state that the mentioned form speaks for itself.

34. Paragraph 34 is a statement of law, not fact, and does not require an answer from these KCS.

35. Paragraph 34 is a statement of law, not fact, and does not require an answer from these KCS. Any implication that KCS has utilized improper or unnecessary restraints and isolations, either system wide or against these Plaintiffs, is denied.

36. The allegations of Paragraph 36 do not require an answer from KCS.

37. The allegations of Paragraph 37 do not require an answer from KCS. Any implication that KCS has utilized improper or unnecessary restraints and isolations, either system wide or against these Plaintiffs, is denied.

38. The implication that KCS has utilized improper or unnecessary restraints and isolations, either system wide or against these Plaintiffs, is denied.

39. The implication that KCS has utilized improper or unnecessary restraints and isolations, either system wide or against these Plaintiffs, is denied. It is denied that KCS is improperly reporting restraints and isolations.

40. The allegations of Paragraph 40 are denied. It is admitted S.T., at one time, was a student at KAEC.

41. The implication that KCS has utilized improper or unnecessary restraints and isolations, either system wide or against these Plaintiffs, is denied.

42. The implication that KCS has utilized improper or unnecessary restraints and isolations, either system wide or against these Plaintiffs, is denied.

43. Paragraph 43 does not appear to require an answer from KCS. To the extent that Paragraph 43 requires an answer, the implication that KCS has utilized improper or unnecessary restraints and isolations, either system wide or against these Plaintiffs, is denied.

44. Paragraph 44 does not appear to require an answer from KCS. To the extent that Paragraph 44 requires an answer, the implication that KCS has utilized improper or unnecessary restraints and isolations, either system wide or against these Plaintiffs, is denied.

45. The allegations of Paragraph 45 are denied.

46. The allegations of Paragraph 46 are denied.

47. It is denied that Plaintiffs have experienced illegal isolations and restraints.

48. The allegations of Paragraph 48 are denied.

49. Paragraph 49 does not require an answer from KCS.

50. The allegations of Paragraph 50 are denied.

51. The allegations of Paragraph 51 are denied.

52. Paragraph 52 does not require an answer from KCS.

53. All allegations not admitted, are hereby denied.

## **AFFIRMATIVE DEFENSES**

1. Plaintiffs failed to state a claim upon which relief may be granted.

2. Plaintiffs' claim is barred by virtue of Plaintiffs' failure to exhaust administrative remedies pursuant to the Individuals with Disability Education Act.

3. No policy or custom of KCBE was the moving force behind alleged constitutional violations committed against Plaintiffs, if any were committed.

4. Defendants are entitled to sovereign immunity.

5. Defendants are entitled to 11th Amendment immunity to the extent Defendants' actions are required by the State.

6. Defendants are immune pursuant to the Governmental Tort Liability Act.

7. Defendants exercised reasonable professional judgment in working with S.T. and N.S.

8. Defendants aver that Plaintiffs' actions are frivolous, unreasonable and groundless.

9. Defendants exercised good faith and appropriate decision making for Plaintiffs and their behavior programming.

10. Defendants did not harm or damage Plaintiffs in this case.

11. Plaintiffs are not entitled to relief from KCBE.

12. Plaintiffs' claims are barred by the appropriate statutes of limitation.

13. TDOE is responsible for education under the Tennessee Constitution and the Tennessee statutes.

14. Defendants are not liable to Plaintiffs for either punitive or compensatory damages.

15. Defendants reserve the right to amend this answer as the litigation proceeds and as is just and may be acquired.

16. It is the duty of KCS to protect its staff and its students from harm.

17. All claims should be dismissed.

18. Defendants request such relief in law or equity to which they may be entitled.

Respectfully submitted this 27th day of July, 2016.

**/s/ Susan E. Crabtree**
**SUSAN E. CRABTREE (BPR #010835)**
**Deputy Law Director**


**/s/ Amanda L. Morse**
**AMANDA L. MORSE (BPR #032274)**
**Deputy Law Director**


**COUNSEL FOR DEFENDANTS KNOX**
**COUNTY BOARD OF EDUCATION**
**AND KNOX COUNTY, TENNESSEE**


**City-County Building, Suite 612**
**400 Main Avenue**
**Knoxville, Tennessee 37902**
**(865) 215-2327**

## CERTIFICATE OF SERVICE

I hereby certify that on July 27th, 2016, a copy of the foregoing Response to Plaintiffs' First Amended Complaint was filed electronically. Notice of this filing will be sent via operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served via regular United States Mail, postage prepaid. Parties may access this filing through the Court's electronic filing system.

**/s/ Susan E. Crabtree**
**SUSAN E. CRABTREE (BPR #010835)**