UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| IN THE MATTER OF | ) | |
| | ) | |
| N.S., | ) | |
| A minor Student, | ) | |
| By and Through His Parent, | ) | No. 3:16-CV-0610 |
| J.S, and | ) | Judge Aleta A. Trauger |
| | ) | |
| S.T. | ) | |
| By and Through His Parents, | ) | |
| M.T. and M.T., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TENNESSEE DEPARTMENT OF | ) | |
| EDUCATION, | ) | |
| | ) | |
| TENNESSEE STATE BOARD OF | ) | |
| EDUCATION, | ) | |
| | ) | |
| TENNESSEE ADVISORY COUNCIL | ) | |
| FOR THE EDUCATION OF STUDENTS | ) | |
| WITH DISABILITIES, and | ) | |
| | ) | |
| KNOX COUNTY BOARD OF | ) | |
| EDUCATION, AND KNOX COUNTY, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT TENNESSEE BOARD OF EDUCATION'S
ANSWER TO FIRST AMENDED COMPLAINT**

Defendant, Tennessee State Board of Education, answers the allegations contained in numbered paragraphs of the First Amended Complaint (Doc. 41) as follows:

1. Admitted upon information and belief.

2. Admitted upon information and belief.

3. Defendant admits that the Tennessee Department of Education ("TDOE") is a "State Education Agency" as defined in 20 U.S.C. § 7801(49). TDOE is the "agency primarily responsible for the State supervision of public elementary schools and secondary schools." Defendant admits that 20 U.S.C. §1412(a)(1) speaks for itself. Any remaining allegations are denied.

4. Defendant admits that it "establish[es] policy or strategies or both to reduce or eliminate the use of isolation and restraint in school," as provided in Tenn. Code Ann. §49-10-1306(e). Defendant also admits that it "shall promulgate rules and regulations concerning the use of isolation or restraint with students who receive special education services so that isolation or restraint is not used when such procedures are unsafe, unreasonable or unwarranted," as provided in Tenn. Code Ann. §49-10-1306(f). Any remaining allegations are denied.

5. Defendant admits that the Tennessee Advisory Council for the Education of Students with Disabilities ("Council") is to "report annually to the state board of education with recommendations to reduce the use of isolation and restraint in public education programs," as provided in Tenn. Code Ann. §49-10-1306(e). As the other allegations in this paragraph contain quotes without attribution, each is denied. Any remaining allegations are denied.

6. With regard to the first sentence, Defendant denies that it receives federal funding. With regard to the second sentence, Defendant denies that it is "bound" by the listed statutes. Defendant admits that it is subject to suit pursuant to the IDEA and ADA under certain circumstances. Any remaining allegations are denied.

7. Admitted.

8. Defendant admits that Plaintiffs bring a claim based upon alleged violations of the Individuals with Disabilities Education Act ("IDEA"). All remaining allegations are denied.

9. Admitted.

10. Denied.

11. Denied.

12. Defendant admits that Title II of the ADA speaks for itself. Defendant denies that Plaintiffs were subjected to discrimination. Any remaining allegations are denied.

13. Defendant admits that Section 504 of the Rehabilitation Act speaks for itself. Defendant denies that Plaintiffs were subjected to discrimination. Any remaining allegations are denied.

14. Denied.

15. Admitted upon information and belief.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. These allegations are, therefore, denied. Defendant denies Defendant Knox County systemically, unnecessarily isolates or restrains students.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. These allegations are, therefore, denied. Defendant denies Defendant Knox County systemically, engages in the alleged actions.

18. Denied.

19. Defendant admits, upon information and belief, that N.S. was placed in a homebound educational setting and also transferred schools within Knox County. Any remaining allegations are denied.

20. Defendant admits, upon information and belief, that N.S. has been withdrawn from Knox County Schools. Any remaining allegations are denied.

21. Defendant admits, upon information and belief, that S.T. is a child with an educational disability, qualifies for special education under IDEA, has an IEP, and a disability under 504 and the ADA.

22. Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. These allegations are, therefore, denied. Defendant denies Defendant Knox County systemically, unnecessarily isolates or restrains students.

23. Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. These allegations are, therefore, denied. Defendant denies Defendant Knox County systemically fails to notify parents.

24. Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. These allegations are, therefore, denied. Defendant denies Defendant Knox County systemically, unnecessarily isolates or restrains students.

25. Defendant admits, upon information and belief, that S.T. transferred schools within Knox County Schools. Any remaining allegations are denied.

26. Defendant admits, upon information and belief, that S.T. was transferred to the Knox County Adaptive Education Center. Defendant is without knowledge or

information sufficient to form a belief as to the truth of the allegations contained in the second and third sentences. These allegations are, therefore, denied. Defendant denies Defendant Knox County systemically, unnecessarily isolates or restrains students.

27. Defendant admits, upon information and belief, that S.T. now attends Amherst Elementary. Defendant denies that S.T. was unsafe. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations. These allegations are, therefore, denied. Defendant denies Defendant Knox County systemically, unnecessarily isolates or restrains students.

28. Denied.

29. Defendant admits that Tenn. Code Ann. § 49-10-1304(a) and (f), and Rule 0520-01-09-.23 speak for themselves. Any remaining allegations are denied.

30. Defendant admits that Tenn. Code Ann. § 49-10-1304(d)(1)-(2) speaks for itself. Any remaining allegations are denied.

31. Defendant admits that Tenn. Code Ann. § 49-10-1304(e)(1) speaks for itself. Any remaining allegations are denied.

32. With regard to the first sentence, Tenn. Code Ann. § 49-10-1304(e) speaks for itself. Tenn. Code Ann. § 49-10-1304(e) provides, "The state board of education shall promulgate rules that mandate a standard reporting format to be used by LEAs." Defendant admits that TDOE created a standard form concerning restraint and a standard form concerning isolations to be used by schools.

33. Admitted that the allegation generally states the information to be provided on the form concerning restrains or the form concerning isolations. Defendant denies that

5

the form requires LEAs to report "whether student was temporarily released from being physically held."

34. Defendant admits that Tenn. Code Ann. § 49-10-1306 accurately sets forth the duties and responsibilities of Defendant, TDOE, and Council.

35. Denied.

36. The allegations contained in the first sentence are denied. The allegations in the second sentence are denied because Tenn. Code Ann. § 49-10-1306(e) requires that the Council provide recommendations to Defendant. Defendant also avers that it is not required to adopt recommendations of the Council. The allegations in the third sentence are denied.

37. Denied.

38. The allegations in the first sentence are denied as the phrase "particularly aggressive" is argumentative and undefined. The allegations contained in the second sentence are admitted. The reporting data in the third sentence is admitted, but Defendant denies that each county is a comparator for all others. The allegations made in the first sentence of the footnote are denied. With regard to the second sentence in the footnote, the reporting data in the third sentence is admitted, but Defendant denies that each county is a comparator for all others.

39. With regard to the first sentence, Defendant admits that Wilson County self-reported more isolations than Knox County. Defendant also admits that these counties self-reported more isolations than other counties. With regard to the second sentence, Defendant is without knowledge or information sufficient to form

6

a belief as to the truth of the remaining allegations. These allegations are, therefore, denied.

40. Defendant admits, upon information and belief, that S.T., at one time, was a student at Knox Adaptive Education Center. All remaining allegations are denied.

41. Defendant admits that (448+153)/81=742. Defendant denies that this calculation represents the "chance of isolations and restraints per pupil."

42. Defendant admits that (160+122)/96=294. Defendant denies that this calculation represents the "chance of isolations and restraints per pupil."

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. This paragraph appears to make no allegations. To the extent that this paragraph makes allegations, they are denied.

50. Denied.

51. Denied.

52. Defendant denies that Plaintiff is entitled to relief.

53. All allegations not specifically admitted are denied.

Defendant hereby asserts the following affirmative defenses:

1. The Amended Complaint fails to state a claim upon which relief may be granted.

2. Some of Plaintiff's claims, including Plaintiffs' claim under Section 504, are barred by the doctrine of sovereign immunity and 11th Amendment immunity.

3. Subject to discovery, some of Plaintiff's claims may be barred by the statute of limitations.

4. Plaintiff's claims should be dismissed for failure to exhaust administrative remedies.

5. Defendant is not responsible for actions taken by any other Defendants.

Respectfully submitted,

**HERBERT H. SLATERY III**
**ATTORNEY GENERAL AND REPORTER**

*s/ Jay Ballard*
**Jay C. Ballard, BPR #17242**
Deputy Attorney General
Civil Litigation and State Services Division
P.O. Box 20207
Nashville, TN 37202
(615) 741-5031
Jay.Ballard@ag.tn.gov

## CERTIFICATE OF SERVICE

I hereby certify that on August 29, 2016, a copy of **Defendant Tennessee Board of Education's Answer to Amended Complaint** was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt as follows:

Justin S. Gilbert
Gilbert Russell McWherter Scott Bobbitt, PLC
100 W. Martin Luther King Blvd., Suite 504
Chattanooga, TN 37402

Jessica F. Salonus
Gilbert Russell McWherter Scott Bobbitt, PLC
101 North Highland
Jackson, TN 38301

Susan E. Crabtree
Amanda Lynn Morse
612 City-County Building
400 Main Avenue
Knoxville, TN 37902

Parties may access this filing through the Court's electronic filing system.

*s/ Jay Ballard*
**Jay C. Ballard, BPR #17242**
Senior Counsel
Civil Litigation and State Services Division
P.O. Box 20207
Nashville, TN 37202
(615) 741-5031